Mr. Thomas H. McGowan Youngdahl, Sadin, McGowan 124 W. Capitol, Suite 1805 P.O. Box 1088 Little Rock, Arkansas 72203-1088
Dear Mr. McGowan:
This is in response to your request for recertification of a popular name and ballot title initially submitted by you on August 20, 1993. This office certified your original submission on August 27, 1993, as evidenced by Opinion No. 93-249. On August 30, 1993, you contacted this office and notified us that an error appeared in the final portion of the certified ballot title, with regard to the date of the election of commissioners. Your proposed popular name and ballot title and the text of your proposed amendment have not changed. This recertification is issued solely to correct our error in drafting the language of the certified ballot title.
Your proposed popular name and ballot title are as follows:
(Popular Name)
AN AMENDMENT TO THE ARKANSAS CONSTITUTION GOVERNING KNOWINGLY UNSAFE WORK ENVIRONMENTS AND ARKANSAS WORKERS' COMPENSATION LAW
(Ballot Title)
AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF ARKANSAS TO PROVIDE THAT ANYONE WHO KNOWINGLY MAINTAINS AN UNSAFE WORK ENVIRONMENT SHALL NOT BE IMMUNE FROM SUIT FOR A RESULTING INJURY OR DEATH BY AN EMPLOYEE OR HIS OR HER SURVIVORS; THAT THE WORKERS' COMPENSATION COMMISSION SHALL CONSIST OF THREE COMMISSIONERS ELECTED AT-LARGE; THAT THE INJURED EMPLOYEE WILL HAVE A RIGHT TO SELECT A PHYSICIAN OR TO CHANGE, THROUGH WRITTEN NOTICE TO THE COMMISSION, FROM A PHYSICIAN SELECTED BY THE EMPLOYER; THAT COMPENSATION PAYABLE TO AN INJURED EMPLOYEE SHALL BE SET AT 66 2/3% OF THE EMPLOYEE'S AVERAGE WEEKLY WAGE IF THE EMPLOYEE IS WITHOUT DEPENDENTS AND 75% OF THE EMPLOYEE'S AVERAGE WEEKLY WAGE IF THE EMPLOYEE HAS A DEPENDENT, PROVIDED THAT THE GENERAL ASSEMBLY SHALL SET MAXIMUM WEEKLY BENEFITS NO LOWER THAN THE STATE AVERAGE WEEKLY WAGE; THAT THE COMMISSION SHALL CONSIDER WAGE EARNING LOSS AS WELL AS FUNCTIONAL LOSS IN ASSESSING PERMANENT DISABILITY AND THAT REASONABLE VOCATIONAL OPPORTUNITIES WILL BE CONSIDERED IN CLAIMS OF PERMANENT AND TOTAL DISABILITY; THAT IF THE EMPLOYER DOES NOT PROVIDE PAYMENTS OF COMPENSATION BY THE 15th DAY AFTER NOTICE OF THE INJURY OR DEATH, AND CONTINUE PAYMENTS WHEN DUE, IT SHALL BE PRESUMED THAT THE CLAIM IS CONTROVERTED; THAT THE BURDEN OF PROOF PLACED ON AN INJURED EMPLOYEE SHALL BE A PREPONDERANCE OF THE EVIDENCE; THAT THE WORKERS' COMPENSATION LAWS SHALL BE LIBERALLY CONSTRUED IN ACCORDANCE WITH THE REMEDIAL PURPOSES OF A WORKERS' COMPENSATION SYSTEM; THAT EVERY EMPLOYER SHALL PROVIDE COMPENSATION FOR DISABILITY OR DEATH FROM INJURY ARISING OUT OF AN IN THE COURSE OF EMPLOYMENT WITHOUT SPECIAL EXCEPTIONS; THAT WHEN AN INJURY ARISING OUT OF IN THE COURSE OF EMPLOYMENT AGGRAVATES, ACCELERATES OR COMBINES WITH A PRE-EXISTING DISEASE OR INFIRMITY TO PRODUCE A DISABILITY OR INFIRMITY, THE ENTIRE RESULTING CONDITION IS COMPENSABLE AND THAT REASONABLE CONSEQUENCES OF AN INJURY ARISING OUT OF AND IN THE COURSE OF EMPLOYMENT SHALL BE COMPENSABLE; THAT EVIDENCE OF DISABILITY SHALL BE BASED UPON FINDINGS COMMONLY USED IN THE MEDICAL PROFESSION AND NO SPECIAL RESTRICTIONS SHALL BE ENACTED; THAT A LIMIT OF 25% BE SET ON ATTORNEYS' FEES BASED UPON SUMS PAID IN RESPECT TO A CLAIM; THAT ATTORNEYS FOR INJURED EMPLOYEES SHALL RECEIVED [SIC] FULL PAYMENT OF FEES BY THE EMPLOYER OR DESIGNATED RESPONDENT IN CONTROVERTED CLAIMS IN WHICH THE CLAIMANT PREVAILS; THAT ANY EMPLOYER WHO DISCRIMINATES AGAINST AN EMPLOYEE ON ACCOUNT OF HIS OR HER FILING A CLAIM UNDER THE WORKERS' COMPENSATION LAWS SHALL BE SUBJECT TO A CIVIL CAUSE OF ACTION FOR ALL APPROPRIATE RELIEF; THAT THE EMPLOYER OR CARRIER SHALL HAVE NO RIGHT, OTHER THAN WITH RESPECT TO BENEFITS RECOVERED FROM A THIRD-PARTY RESPONSIBLE FOR THE INJURY, TO DEDUCT BENEFITS ON ACCOUNT OF ANY PROCEEDS RECEIVED BY AN EMPLOYEE OR HIS OR HER DEPENDENTS FROM ANY COLLATERAL SOURCE.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72
(1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482,798 S.W.2d 71 (1990) citing Leigh v. Hall, 232 Ark. 558,339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purposes of the amendment:
(Popular Name)
AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO RESTRUCTURE THE WORKERS' COMPENSATION COMMISSION AND REVISE WORKERS' COMPENSATION LAW
(Ballot Title)
AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT THE ARKANSAS WORKERS' COMPENSATION COMMISSION (WHICH UNDER THIS AMENDMENT WILL BE AN INDEPENDENT CONSTITUTIONAL BODY) SHALL BE MADE UP OF THREE COMMISSIONERS (TWO COMMISSIONERS AND A CHAIRMAN), TO BE ELECTED AT LARGE ON A PARTISAN BASIS BY THE ELECTORS OF THE STATE BEGINNING WITH THE GENERAL ELECTION OF 1996; PROVIDING FOR FOUR YEAR TERMS OF COMMISSIONERS; PROVIDING THAT COMMISSIONERS MAY ONLY BE REMOVED FROM OFFICE BY THE IMPEACHMENT PROCEDURES OF THE ARKANSAS CONSTITUTION; REQUIRING THE GOVERNOR TO FILL VACANCIES OCCURRING ON THE COMMISSION; PROHIBITING ANY COMMISSIONER SO APPOINTED FROM BEING A CANDIDATE FOR COMMISSIONER AT THE NEXT GENERAL ELECTION; PROHIBITING ANY COMMISSIONER IN OFFICE AT ANY TIME FROM PASSAGE OF THE AMENDMENT UNTIL JANUARY 15, 1997 FROM BEING A CANDIDATE FOR COMMISSIONER AT THE GENERAL ELECTION OF 1996; REQUIRING APPOINTED COMMISSIONERS TO BE APPROVED BY THE SENATE DURING REGULAR SESSIONS; SETTING THE QUALIFICATIONS OF COMMISSIONERS AND THE CHAIRMAN; PROVIDING THAT NO CANDIDATE FOR COMMISSIONER SHALL BE CONSIDERED A CANDIDATE FOR JUDICIAL OFFICE; AUTHORIZING THE GENERAL ASSEMBLY TO SET THE SALARY, EXPENSES, AND BENEFITS OF THE COMMISSIONERS, TO BE PAYABLE FROM THE WORKERS' COMPENSATION FUND; REQUIRING THE SALARIES OF COMMISSIONERS TO BE AT LEAST EQUAL TO THE SALARY OF JUDGES ON THE ARKANSAS COURT OF APPEALS; PROVIDING THAT ANY PERSON WHO KNOWINGLY MAINTAINS AN UNSAFE WORK ENVIRONMENT SHALL NOT BE IMMUNE FROM SUIT FOR DAMAGES FOR RESULTING INJURY OR DEATH OF A WORKER; AUTHORIZING AN INJURED EMPLOYEE TO CHANGE PHYSICIANS ONE TIME IF THE EMPLOYER OR INSURANCE CARRIER HAS SELECTED A PHYSICIAN; AUTHORIZING CHANGE OF PHYSICIAN IF THE EMPLOYEE HAS SELECTED THE PHYSICIAN ONLY UPON A SHOWING OF A VALID REASON FOR THE CHANGE; PROVIDING THAT DISABILITY BENEFITS FOR INJURED EMPLOYEES SHALL NOT EXCEED 66 2/3% OF THE EMPLOYEE'S AVERAGE WEEKLY WAGE IF THE EMPLOYEE HAS NO DEPENDENTS AND 75% IF THE INJURED EMPLOYEE HAS A DEPENDENT, SUBJECT TO A MAXIMUM BENEFIT SET BY THE GENERAL ASSEMBLY; PROVIDING HOWEVER THAT THE MAXIMUM WEEKLY DISABILITY BENEFIT SHALL NOT BE LOWER THAN THE STATE AVERAGE WEEKLY WAGE FOR THE YEAR PRECEDING THE YEAR IN WHICH THE INJURY OR DEATH OCCURS; REQUIRING THE COMMISSION TO CONSIDER WAGE EARNING LOSS IN ADDITION TO FUNCTIONAL LOSS IN ASSESSING PERMANENT DISABILITY AND TO CONSIDER THE INJURED EMPLOYEE'S OPPORTUNITIES FOR EMPLOYMENT IN LIGHT OF HIS OR HER INJURY, AGE, EDUCATION AND WORK HISTORY; PROVIDING THAT IF AN EMPLOYER DOES NOT PROVIDE COMPENSATION WITHIN 15 DAYS OF AN INJURY AND CONTINUE PAYMENT WHEN DUE, THE CLAIM SHALL BE DEEMED CONTROVERTED; REQUIRING EMPLOYERS TO COVER EMPLOYMENT INJURIES WITHOUT REGARD TO FAULT, INCLUDING OCCUPATIONAL DISEASES, MENTAL CONDITIONS AND INFECTIONS ARISING OUT OF EMPLOYMENT; PROHIBITING THE ENACTMENT OF SPECIAL EXCEPTIONS FOR EMPLOYMENT INJURIES EXCEPT THOSE CAUSED BY ALCOHOL, ILLEGAL DRUGS OR MISUSED PRESCRIPTION DRUGS; PROVIDING THAT WHEN AN EMPLOYMENT INJURY AGGRAVATES A PREEXISTING CONDITION, THE ENTIRE RESULTING CONDITION SHALL BE COMPENSABLE; RENDERING COMPENSABLE A DISABILITY OR INFIRMITY RESULTING FROM THE REASONABLE CONSEQUENCES OF AN EMPLOYMENT INJURY; REQUIRING EVIDENCE OF PERMANENT PHYSICAL IMPAIRMENTS TO BE BASED UPON COMMONLY USED MEDICAL STANDARDS; PROHIBITING SPECIAL RESTRICTIONS REGARDING EVIDENCE OR SYMPTOMS THAT MAY BE CONSIDERED; REQUIRING APPROVAL BY THE COMMISSION OF CLAIMANT LEGAL FEES; RESTRICTING LEGAL FEES FOR THE REPRESENTATION OF INJURED EMPLOYEES TO 25% OF ALL SUMS PAID IN RESPECT TO A CLAIM; REQUIRING LEGAL FEES IN CASES IN WHICH THE EMPLOYEE PREVAILS TO BE PAID BY THE EMPLOYER, INSURANCE COMPANY, OR OTHER RESPONDENT; PROVIDING THAT THE INJURED EMPLOYEE SHALL NOT PAY THE RESPONDENT'S LEGAL FEES UNLESS BAD FAITH IS FOUND; AUTHORIZING A CIVIL CAUSE OF ACTION AGAINST ANY EMPLOYER WHO DISCRIMINATES IN REGARD TO HIRING OR WORK CONDITIONS ON ACCOUNT OF CLAIMS MADE FOR BENEFITS, OR WHO OBSTRUCTS OR IMPEDES CLAIMS FOR BENEFITS; PROHIBITING ANY RECOVERY OR OFFSET BY AN EMPLOYER AGAINST BENEFITS RECEIVED BY AN EMPLOYEE FROM THIRD PARTIES, EXCEPT PURSUANT TO STATUTE; PROHIBITING ANY REDUCTION IN BENEFITS ON ACCOUNT OF SUCH RECEIPT; PROVIDING THAT THE AMENDMENT IS SEVERABLE; PROVIDING THAT THE EFFECTIVE DATE OF THE AMENDMENT IS JANUARY 1, 1995, EXCEPT FOR SECTION 2 (WHICH CALLS FOR THE FIRST ELECTION OF COMMISSIONERS TO BE HELD AT THE GENERAL ELECTION OF 1996); PROVIDING THAT THE AMENDMENT SHALL APPLY ONLY TO INJURIES OCCURRING AFTER JANUARY 1, 1995, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers are enclosed herewith.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh